NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-5839 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00010-DLC-7 |
| v. | |
| JANET DEAN WHITE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted April 15, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Janet Dean White appeals from her jury conviction and sentence for

conspiracy to distribute and possess with intent to distribute controlled substances

(methamphetamine and fentanyl), in violation of 21 U.S.C. § 846, and possession

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with intent to distribute those controlled substances, in violation of 21 U.S.C. § 841(a)(1). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. White argues that there was insufficient evidence to establish that she was a member of the conspiracy. When evaluating a challenge to the sufficiency of the evidence, we determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Viewing the evidence in the light most favorable to the prosecution, the jury could have found that White was involved in a conspiracy with Juan Felipe Vidrio Fuentes, among others. *See United States v. Moe*, 781 F.3d 1120, 1125-26 (9th Cir. 2015) (setting forth factors in determining whether there is sufficient evidence to support a conspiracy conviction). For example, multiple witnesses testified that Fuentes provided White with drugs to sell, and White was found with a large amount of drugs shortly after leaving Fuentes's residence.

2. White argues that the Government did not properly authenticate messages from cell phones seized from a cooperator (Justin Stier) and White herself. Because White did not object in the district court, we review for plain error.

*United States v. Gadson*, 763 F.3d 1189, 1203 (9th Cir. 2014). "Plain error is

'(1) error, (2) that is plain, (3) that affect[s] substantial rights,' and '(4) the error

seriously affect[s] the fairness, integrity, or public reputation of judicial

proceedings.'" *Id.* (citation omitted). Error is "plain" if it is "clear" or "obvious."

*Id.* at 1211 (citation omitted).

Authentication requires that the proponent "produce evidence sufficient to

support a finding that the item is what the proponent claims it is," such as through

testimony of a knowledgeable witness. Fed. R. Evid. 901(a), (b)(1). "In other

words, the party offering the evidence must make a prima facie showing of

authenticity 'so that a reasonable juror could find in favor of authenticity.'"

*Gadson*, 763 F.3d at 1203 (citation omitted). "Once the offering party meets this

burden, 'the probative value of the evidence is a matter for the jury.'" *Id.* at 1204

(citation omitted). "The district court does not abuse its discretion in admitting

evidence that meets the minimum requirements for authentication." *Id.*

White argues that the Government failed to authenticate that text messages

on Stier's phone were actually connected to White herself. However, it is not

"clear" or "obvious" that the Government had not made a prima facie showing of

authenticity. *Id.* at 1211 (citation omitted). For instance, in addition to the contact

being labeled "Janet White" in Stier's phone, the messages include a text saying,

"This is Janet White from Butte" and a reference to the fact that Stier was

borrowing White's daughter's car.

A law enforcement officer testified that a phone was seized from White "as a part of [an] investigation" of the drug-trafficking organization involved in this case and the exhibits represented pictures of messages from that phone. Many of the messages indicated that that they were communications to "Janet." White primarily argues that the law enforcement officer did not expressly state that he had personal knowledge that the phone was seized from White. But again, it is not "clear" or "obvious" that the Government had not made a prima facie showing that the messages were connected to White. *Id.* (citation omitted).

Therefore, the district court did not plainly err by admitting either set of cell phone messages.

3. White argues that five separate evidentiary admissions, which were not objected to in the district court, cumulatively constitute plain error justifying vacating her conspiracy conviction. *See United States v. Necoechea*, 986 F.2d 1273, 1282 (9th Cir. 1993) ("Although individual errors looked at separately may not rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial as to require reversal.").

Specifically, White argues that the district court should have excluded:
(1) text messages that do not qualify as statements in furtherance of a conspiracy;
(2) a leading question that Fuentes "wanted [ ] to include [White] in the loop" of

his drug trafficking; (3) a law enforcement officer's testimony that the term "the Mexicans" in messages on a phone seized from White meant "Fuentes and . . . the people he was running around with"; (4) a leading question that Fuentes was White's drug supplier; and (5) testimony that White was "a distributor."

However, White does not show that the district court made any clear or obvious errors. *See United States v. Lindsay*, 931 F.3d 852, 869 (9th Cir. 2019) (Where there are not "multiple errors," "there cannot be cumulative error.").

4. Finally, at sentencing, the district court overruled White's objection to attributing drugs seized from White's co-conspirators to White as relevant conduct under U.S.S.G. § 1B1.3. "The determination of drug quantity involved in an offense under the Sentencing Guidelines is a factual finding reviewed for clear error." *United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013).

"[I]n the case of a jointly undertaken criminal activity," relevant conduct is determined based on "all acts and omissions of others that were—(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). "Each conspirator is responsible only for the activities that fell within the scope of [their] particular agreement with the conspirators, and reasonably foreseeable behavior in furtherance of that particular agreement." *United States v. Riley*, 335 F.3d 919, 928 (9th Cir. 2003).

The district court did not clearly err in finding, based on the same evidence supporting White's conspiracy conviction, that the drugs seized from White's co-conspirators were attributable to White because they were within the scope of jointly undertaken criminal activity and reasonably foreseeable by White. *See* U.S.S.G. § 1B1.3 cmt. n.3(B) (In cases involving controlled substances, "the scope of the jointly undertaken criminal activity . . . may depend upon whether, in the particular circumstances, the nature of the offense is more appropriately viewed as one jointly undertaken criminal activity or as a number of separate criminal activities.").

**AFFIRMED**.